(38 South. 443.)

No. 15,640.

STATE v. MERCHANTS' TRADING CO., Limited.

(April 24, 1905.)

LICENSE TAX—CONSTITUTIONAL LAW—GRADUATION—JURISDICTION OF COURTS.

1. The defense made by defendant (a trading stamp company) to the payment of a license tax upon its business, that the statute imposing the license was unconstitutional because licenses upon that business were not graduated as required by article 229 of the Constitution of 1898, is not well grounded. They were in fact graduated.

2. The demand made upon the judiciary to revise as to amount certain licenses imposed by the General Assembly, on the ground that they are prohibitive of the carrying on of the business which they purport to authorize to be pursued in payment of this license, is one which it cannot entertain. The subject-matter being vested by the Constitution in the legislative department, its action, in the absence of constitutional restrictions, cannot be controlled by the courts.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Rule against the Merchants' Trading Company, Limited, to collect the license due the state. Judgment for the state, and defendant appeals. Affirmed.

Edward Rightor and James Pierce Butler, for appellant. Hugh Connell Cage, for appellee.

Statement of the Case.

NICHOLLS, J. Acting under Act No. 47 of 1904, the tax collector of the Second District of the city of New Orleans proceeded by rule against the Merchants' Trading Stamp Company, Limited, to recover the sum of five thousand dollars ($5,000), alleging that the defendant was "conducting the business of a trading stamp company issuing stamps to merchants and dealers," that its gross receipts exceeded the sum of one thousand dollars ($1,000) per annum, and that the license due the state thereon was five thousand dollars ($5,000).

Defendant company answered that it was doing business simply as a retail dealer in furniture and household goods, that it was not conducting the business of a trading stamp company, and that the license claimed was not due by it as such. The defendant, answering further, said that Act No. 47, of 1904 was unconstitutional in two particulars:

(1) It ignored the mandate of the Constitution of 1898 (article 229) that all licenses should be graduated; and (2) it was violative of both the Constitution of the state of Louis-

iana and of the United States, in that it denied the right to an individual to engage in a lawful pursuit, and attempted to suppress a legitimate and harmless business through the imposition of an unwarrantable and unequal tax on that business.

From a judgment in favor of the state, the defendant has appealed to this court.

The syllabus to defendant's brief was as follows:

"Defendant does not do the business on which a license is levied by Act No. 47 of 1904.

"Act No. 47 of 1904 is unconstitutional, because:

"First. There is no graduation in compliance with Article 229 of the Constitution of 1898.

"Second. It levies a prohibitive tax on a legitimate business, and thus violates the fourteenth amendment to the Constitution of the United States."

### Opinion.

Article 229 of the Constitution of 1898 declares that:

"The General Assembly may levy a license tax and in such case shall graduate the amount of such tax to be collected from the person pursuing the several trades, professions, vocations and calling."

The General Assembly, by Act No. 47, of 1904, divided trading stamp companies and dealers issuing stamps to merchants or dealers into three classes. By that act, where the gross annual receipts are more than $200,000, the license is fixed at $10,000; where the gross annual receipts are $150,000 or more, and less than $200,000, the license is fixed at $7,500; where the gross annual receipts are $100,000 or less, the license is fixed at $5,000.

It cannot be said, therefore, that there was no graduation of the licenses for corporations or parties engaged in that business.

Defendant asserts that no one was engaged in that occupation whose gross annual receipts exceeded $30,000, and that no business of $30,000 could exist with liability to pay a $5,000 annual license; that the license was prohibitive, and intended to put an end to dealing in trading stamps, which was a legitimate business, being recognized as such by the very fact of being charged with a license.

It is obvious that this objection is leveled, not at the fact itself of graduation, but at the amount of the license imposed for the different classes. The state department charged with the duty of making the graduation of business into classes and fixing the amount of license for each class is the General Assembly, not the judiciary.

It could not legally attempt to do either—substituting its judgment for that of the Legislature.

Courts cannot be expected to test, at the instance of corporations or individuals, whether the amount of license affixed by the General Assembly to their business be too high, and, if in their opinion found to be so, to order the license law to be set aside, or brought down or established on a lower basis which they might deem warranted by the facts.

The text of the Am. & Eng. Ency. of Law, title "Taxation" (volume 27, p. 583), states, as supported by a mass of decisions, the following doctrine:

"The power of taxation is one of the essential attributes of sovereignty, and is inherent in and necessary to the existence of every government. Except so far as restrained by the provisions of the federal Constitution, the power of the state as to the mode, form, and extent of taxation is unlimited, where the subject to which it applies is within the jurisdiction of the state.

"Since the power to tax is an attribute of sovereignty, it is, in the absence of constitutional restrictions, plenary, and without any limit except the discretion of those who use it."

This court would not be justified in entering into or upon the line of investigation which the plaintiff would have it do.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby affirmed.